# Edwin Zimerman, Plff. in Err., *v.* M. M. S. Bridges, Exrx.

An instrument signed, sealed, and delivered by one of the obligors in a bond, which declares that a joint obligor is merely bail for him and has no interest in the money to be raised upon the bond, will protect the latter from claim to contribution in case the bond is paid by the former.

If a promissory note shows upon its face that one of the makers signed as bail, and there is nothing to show that the word "bail" was not added before or at the time he signed the note, he is not liable to contribute in case the note is paid by one who signed as principal.

(Decided March 8, 1886.)

Error to the Common Pleas of Lehigh County to review a judgment for defendant in an action of assumpsit. Affirmed.

NOTE.—Contribution is awarded only when the parties were equally bound and equally relieved. Thus, one obligor on a bond, who pays, is entitled to recover from the joint obligor (Craig v. Craig, 5 Rawle, 91); or one ac-

S. A. Bridges, deceased, J. E. Zimerman, and Edwin Zimerman executed the following bond:

Know all men by these presents, That we, Samuel A. Bridges, Jacob E. Zimerman, and Edwin Zimerman, all of the city of Allentown, in the county of Lehigh, and state of Pennsylvania, are jointly and severally held and firmly bound unto Jesse Gruver, of the county and state aforesaid, in the sum of $5,000, lawful money of the United States of America, to be paid to the said Jesse Gruver, his certain attorney, executors, administrators, or assigns; to which payment, well and truly to be made, we do hereby bind ourselves jointly and severally, our heirs, executors, and administrators, and each and every one of them firmly by these presents.    Sealed with our seals and dated the first day of December, in the year of our Lord 1874.

The condition of this obligation is such, that if the above bounden Samuel A. Bridges, Jacob E. Zimerman, and Edwin Zimerman, or either or any of them, their heirs, executors, administrators, or any of them, shall and do well and truly pay or cause to be paid unto the above-named Jesse Gruver, his certain attorney, executors, administrators, or assigns, the just sum of $2,500, on or before the first day of December, Anno Domini 1875, together with lawful interest for the same annually, from the date hereof, until paid, without any fraud or further delay, then the above obligation to be void, or else to be and remain in full force and virtue.

S. A. Bridges,    [Seal.]
J. E. Zimerman,    [Seal.]
Ed. Zimerman.    [Seal.]

Sealed and delivered in the⎱
    presence of ⎰
            Henry Seip.

Upon the delivery of the bond to Gruver he paid $2,500 to Jacob E. Zimerman.

<hr/>

commodation indorser against another accommodation indorser (Steckel v. Steckel, 28 Pa. 233; Baily's Estate, 156 Pa. 634, 22 L. R. A. 444, 27 Atl. 560).  One of the parties must pay more than his proportion before the right accrues.  Martin v. Frantz, 127 Pa. 389, 14 Am. St. Rep. 859, 18 Atl. 20.  As the principal and bail do not stand equally, the former, who pays, is not entitled to contribution from the latter.

On the day following, without any consideration whatever, S. A. Bridges induced Edwin Zimerman to sign the following declaration:

I, the undersigned, do hereby agree and declare that a bond dated December 1, 1874, for $2,500, given to Jesse Gruver, payable December 1, 1875, in which Samuel A. Bridges, Jacob E. Zimerman, and Edwin Zimerman are the obligors, has not been given for money for the use of the said Samuel A. Bridges, but for the use, benefit, and behoof of the said Edwin Zimerman, who has to pay the said bond at maturity; and that the said Samuel A. Bridges is only bail, together with the said Jacob E. Zimerman, for the said Edwin Zimerman; and that the said Samuel A. Bridges and Jacob E. Zimerman have no interest in the money to be raised upon the said bond.

Witness my hand and seal, December 2, 1874.

Ed. Zimerman.    [Seal.]

Witness present:

Henry Seip.

In 1877 the bond was placed in the hands of an attorney for collection, who notified and requested S. A. Bridges to pay it. He referred him to Jacob E. Zimerman as the party who received the money and who must pay it. Under threat of suit Edwin Zimerman paid it, Jacob having become insolvent.

Jacob E. Zimerman, representing to Edwin Zimerman that he could get some money from Samuel Sell and that S. A. Bridges would also sign the notes, induced him to sign the following notes:

$1,000.                        Allentown, Pa., April 4, 1874.

One year after date, we, or either of us, promise to pay to the order of Samuel Sell, the sum of $1,000, with legal interest from date, without defalcation for value received.

Ed. Zimerman.
J. E. Zimerman,  } Bail.
S. A. Bridges,   }

$1,000.                        Allentown, Pa., October 13, 1874.

Six months after date, we, or either of us, promise to pay to

the order of Samuel Sell, the sum of $1,000, with legal interest from date, without defalcation for value received.

Ed. Zimerman.

J. E. Zimerman, } Bail.
S. A. Bridges,   }

The word "bail" in one note was written and the bracket made by S. A. Bridges, without the knowledge or consent of Edwin Zimerman and in his absence.   In the other note Jacob E. Zimerman, at the instance of S. A. Bridges, and likewise in the absence and without the knowledge or consent of Edwin Zimerman, wrote the word "bail" and made the bracket.

Upon the maturity of the notes, J. E. Zimerman was insolvent, and upon suit being brought, they were paid by Edwin Zimerman, who then discovered the word "bail" inserted as above set forth.

Edwin Zimerman, having paid the bond and notes, brought suit against S. A. Bridges for contribution for one half the amount paid, Jacob E. Zimerman being insolvent.   Payment for contribution on the bond was resisted because of the above declaration, and for the notes because of the words "bail."

The court directed a verdict for defendant; and plaintiff brought error.

*C. J. Erdman* and *John Rupp,* for plaintiff in error.—The doctrine of contribution is an equitable principle and by text writers stated to be:   Where two or more persons are jointly or jointly and severally bound to pay a sum of money, and one or more of them pay the whole or more than his or their share, thereby relieving the others so far from their liability, that those paying may recover from those not paying the aliquot portion which they ought to pay.   1 Parsons, Contr. 31–38; Byles, Bills, 254.

Although a seal imports a pecuniary consideration, it only shifts the burden of proof; a consideration of natural love and affection will not support an executory contract.   Wilson v. Wilson, 2 Pittsb. 201.

The agreement is not a contract because both parties are not bound and there is no mutuality.

To constitute an estoppel by matter *in pais* it must appear: (1) That the party has made an admission which is clearly

inconsistent with the evidence he proposes to give; (2) that the other party acted upon the admission; (3) that the latter will be injured by allowing the truth of the admission to be disproved. Helser v. McGrath, 52 Pa. 531; Eldred v. Hazlett, 33 Pa. 307.

Tested by these requisites, in view of the fact that the paper was executed the day after the bond, it falls utterly short of an estoppel.

In the notes plaintiff and defendant were cosureties; and plaintiff, having paid their amount, is entitled to contribution. M'Gee v. Prouty, 9 Met. 547, 43 Am. Dec. 409.

*Edward Harvey* and *Thomas B. Metzger,* for defendant in error. — The doctrine of contribution among sureties is not founded on contract, but is the result of general equity, on the ground of equality of burden and benefit (Dering v. Winchelsea, 1 Cox Ch. Cas. 318) ; although the contract may qualify it. Stirling v. Forrester, 3 Bligh, 590; 1 Story, Eq. Jur. § 493; Adams, Eq. *269.

It is not sufficient that both parties are sureties; they must occupy the same position in respect to the principal, and without equities between themselves, giving an advantage to one over the other. Wells v. Miller, 66 N. Y. 258.

Both parties must stand *in equali jure.* Horbach v. Elder, 18 Pa. 37.

It was held in Turner v. Davies, 2 Esp. 478, that, where the defendant, at the instance of the plaintiff, became a joint surety for a third person, and the plaintiff was forced to pay all the money, he could not call on the defendant for contribution of a moiety. See Blake v. Cole, 22 Pick. 101.

In Taylor v. Savage, 12 Mass. 98, PARKER, Ch. J., announces the rule: "It is settled that, when a surety joins in the bond at the request of him who sues for contribution, he shall not be held to pay." Nor is a surety liable to contribute to reimburse a party who, although technically a fellow surety, is really the principal debtor. Pickering v. Marsh, 7 N. H. 192; Cutter v. Emery, 37 N. H. 567; Spence v. Barclay, 8 Ala. 581; Crafts v. Mott, 4 N. Y. 604; Wells v. Miller, 66 N. Y. 258.

The seal imported a consideration. Mack's Appeal, 68 Pa. 231; Twitchell v. McMurtrie, 77 Pa. 383.

"A seal imports consideration," says SHARSWOOD, J., "and a

contract under seal requires no consideration to support it." Schmertz v. Shreeve, 62 Pa. 460, 1 Am. Rep. 439.

A specialty differs from a simple contract in this, that the former needs no consideration to support it, when none was contracted for.   Candor's Appeal, 27 Pa. 119; Robinson v. Snyder, 25 Pa. 203.

The smallest spark of benefit or accommodation is sufficient to sustain an assumption.   Harlan v. Harlan, 20 Pa. 303.

An injury to the promisee, or benefit to the promisor, are considerations to sustain a promise. Shoenberger v. Zook, 34 Pa. 28.

The proper test is detriment to the promisee.   1 Wharton, Contr. § 493.

Ordinarily, a surety can recover contribution from his co-surety when he has paid the debt; but this is not invariably the case.   His right to it depends, not upon the contract, but upon equity.   And equity distinctly recognizes the rule that this right may be qualified by contract.   Craythorne v. Swinburne, 14 Ves. Jr. 170; Swain v. Wall, 1 Rep. in Ch. 149; Hartly v. O'Flaherty, Lloyd & G. 217; 2 Wharton, Contr. § 766; 1 Lead. Cas. in Eq. 166; 1 Story, Eq. Jur. § 498.

One who signs as surety may so stipulate, at the time of entering into obligation, as not to be liable to contribution with other sureties who have signed before him.   Adams v. Flanagan, 36 Vt. 408; Keith v. Goodwin, 31 Vt. 268, 73 Am. Dec. 345; Wright v. Garlinghouse, 27 Barb. 474.

When a party signs a note as a surety of another, and subsequently a third person affixes his name also as maker, adding to his signature the words "surety for the above parties" the first surety, although he pays the note, cannot compel contribution against the second surety, unless it is made satisfactorily to appear that the second surety intended to place himself in the relation of cosurety.   Harris v. Warner, 13 Wend. 400; Thompson v. Sanders, 20 N. C. (4 Dev. & B. L.) 404.

One who signs as surety may so stipulate, at the time of entering into the obligation, as not to be liable for contribution with the other sureties who have signed before him.   Keith v. Goodwin, 31 Vt. 268, 73 Am. Dec. 345; Adams v. Flanagan, 36 Vt. 400.

The character in which parties signed will be presumed to be correctly exhibited by the paper itself.   Crosby v. Wyatt, 23 Me. 156.   See Brandt, Suretyship, § 224; Apgar v. Hiler, 24

N. J. L. 812; Harris v. Warner, 13 Wend. 401; Patterson v. Anderson, 16 W. N. C. 570; Barry v. Ransom, 12 N. Y. 462.

PER CURIAM:

The agreement under seal executed by the plaintiff, bearing date the 2d of December, 1874, contains a distinct declaration sufficient to defeat his recovering on the obligation therein recited.

In regard to the other part of the plaintiff's claim, the notes show on their face that S. A. Bridges signed as bail or cosurety with J. E. Zimerman, for the plaintiff. There is no evidence showing that the word "bail" was not added before or at the time the signature of Mr. Bridges was put to the note. Such being the case, any understanding between the plaintiff and the other surety, not communicated to Bridges, could not affect him, nor change his obligation from that of a surety, as shown by the note at the time he put his signature thereto.

Judgment affirmed.